IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2002

## STATE OF TENNESSEE v. CHARLES BERRY BOURNE, JR.

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 40000008      Michael R. Jones, Judge**

_____

**No. M2001-00196-CCA-R3-CD - Filed October 7, 2002**

_____

Defendant appeals his conviction by a jury for the offense of arson and the resulting five-year sentence. The issues presented for our review are: (1) whether the evidence was sufficient to support the verdict; (2) whether the trial court erred in allowing an investigator to testify as an expert in arson investigation; (3) whether the trial court erred in not dismissing the indictment based upon the state's failure to provide proper discovery; and (4) whether the trial court erred in applying a sentencing enhancement factor. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Carrie W. Kersh, Clarksville, Tennessee (at trial); Roger Eric Nell, District Public Defender; and Collier W. Goodlett, Assistant District Public Defender (on appeal), for the appellant, Charles Berry Bourne, Jr.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Arthur F. Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

We summarize the evidence in a light most favorable to the state. The defendant did not testify at trial.

William Johnson and his wife were residing in a large tobacco barn on his property with plans to convert the barn into a residence. They were actually residing in a truck camper and travel trailer located inside the barn. When Johnson returned from work on September 17, 1999, at approximately 11:00 p.m., the barn had been burned and reduced to ashes. No one had permission

to burn the barn, and the barn was uninsured. Johnson knew the defendant, who lived next door only 200 yards from the barn.

Ryan Springer resided in the residence just north of Johnson's barn. At approximately 7:00 or 8:00 p.m. on September 17ᵗʰ, Springer saw the defendant in the defendant's blue Chevrolet Suburban on the Johnson property. The defendant left but returned in fifteen minutes and parked on the north side of the barn. Springer observed the defendant get out of his vehicle, walk around to the west side of the barn where he stayed two or three minutes, return to his vehicle, and drive away. As the defendant was driving away, Springer immediately noticed flames coming from the barn. Springer called 911.

Deputy Sheriff Randy Bruso was dispatched to the scene. Upon his arrival, he observed the defendant in his blue Chevrolet Suburban doing "large donuts" in the field behind the barn. When the officer was finally able to get the defendant to stop, the defendant stated, "Just go ahead and shoot me and put me out of my misery." Deputy Bruso took the defendant into custody.

Arson Investigator Brian Prentice investigated the fire. He opined that the fire started on the west side of the barn.


## SUFFICIENCY OF THE EVIDENCE

Defendant challenges the sufficiency of the evidence. Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

Although the evidence of defendant's guilt is circumstantial in nature, circumstantial evidence alone may be sufficient to support a conviction. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987); State v. Buttrey, 756 S.W.2d 718, 721 (Tenn. Crim. App. 1988). However, for this to occur, the circumstantial evidence must be consistent with guilt of the accused, inconsistent with innocence, and must exclude every other reasonable theory or hypothesis except that of guilt. Tharpe, 726 S.W.2d at 900.

Arson is committed by one who knowingly damages any structure by means of a fire without the consent of all persons who have a possessory, proprietary or security interest therein. Tenn. Code Ann. § 39-14-301(a)(1). Viewing the evidence in a light most favorable to the state, the evidence was more than sufficient to support the arson conviction. Immediately prior to the fire, the defendant was seen exiting his truck beside the barn and walking around to its west side. Immediately after

the defendant returned to his vehicle, flames were observed. Defendant's vehicle was positively identified, and the defendant was taken into custody in that vehicle in a field near the barn. This issue is without merit.

## EXPERT TESTIMONY

Defendant contends Investigator Brian Prentice was not qualified to testify as an expert in the investigation of fires. We respectfully disagree.

A witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise, provided the scientific, technical, or other specialized knowledge will substantially assist the trier of fact to understand the evidence or to determine a fact in issue. Tenn. R. Evid. 702. An expert may base an opinion upon facts or data imparted to or perceived by the expert prior to or at the hearing; the facts or data need not be admissible if they are the type of facts or data reasonably relied upon by experts. Tenn. R. Evid. 703. If the underlying facts or data lack trustworthiness, the court shall disallow expert testimony based upon them. *Id*. Evidence and expert testimony regarding scientific theory must be both relevant and reliable before it may be admitted. McDaniel v. CSX Transportation, Inc., 955 S.W.2d 257, 265 (Tenn. 1997). The trial court has broad discretion in resolving questions concerning the qualifications, admissibility, relevance, and competency of expert testimony. State v. Stevens, 78 S.W.3d 817, 832 (Tenn. 2002). An appellate court should not overturn a trial court's decision in admitting or excluding a proposed expert's testimony unless it finds the trial court abused its discretion. State v. Ballard, 855 S.W.2d 557, 562 (Tenn. 1993).

Investigator Prentice testified that he had been with the sheriff's department for approximately twenty years and had attended three separate courses relating to the investigation of arson. He had investigated from fifty to eighty fires and had testified as an expert in general sessions court on several occasions. The trial court did not abuse its discretion in allowing the investigator to testify as an expert in the investigation of fires.

Defendant further contends his testimony was irrelevant because his testimony that the fire started on the west side of the barn was of no consequence. We disagree; this testimony was corroborative of the testimony of Ryan Springer, who testified the defendant went to the west side of the barn where flames were observed immediately thereafter.

Defendant finally contends the data upon which the expert relied was untrustworthy. On the contrary, the investigator testified that he utilized a nail by sticking it into various pieces of wood to ascertain the point of origin. He further considered Springer's statement that he saw the defendant on the west side of the barn just prior to the fire. We conclude the facts and data relied upon by the expert were trustworthy. This issue is without merit.

## DISCOVERY VIOLATION

Defendant contends the trial court should have dismissed the indictment after the state failed to comply with an agreed order for discovery, which required the state to provide exculpatory information. Defendant has not cited to the record; therefore, this issue is waived. *See* Tenn. Ct. Crim. App. R 10(b); State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997). Furthermore, we find no indication in the record that the state possessed any exculpatory information. This issue is without merit.


## SENTENCING

Defendant's final contention is that the trial court erred in applying sentencing enhancement factor (6), the amount of damage to property sustained by the victim was particularly great. *See* Tenn. Code Ann. § 40-35-114(6). Again, we disagree.

At the sentencing hearing, the trial court relied upon enhancement factor (1), prior history of criminal convictions. *See* Tenn. Code Ann. § 40-35-114(1). Defendant had twenty prior misdemeanor convictions; this enhancement factor was clearly applicable. In addition, the trial court applied enhancement factor (6), the amount of damage to property was particularly great. *See* Tenn. Code Ann. § 40-35-114(6). The trial court also mitigated the sentence based upon the defendant's physical disability. *See* Tenn. Code Ann. § 40-35-113(13). The defendant only challenges the trial court's application of enhancement factor (6).

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

If no mitigating or enhancement factors for sentencing are present, Tennessee Code Annotated section 40-35-210(c) provides that the presumptive sentence for most offenses shall be the minimum sentence within the applicable range. State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e); State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001).

We conclude the trial court did not err in its application of enhancement factor (6). The presentence report contained a comprehensive listing of the items destroyed by the fire. The total estimated loss was over $101,000 and included not only the barn, but also a travel trailer, truck camper, pets, and various antiques of unknown value. The amount of damages sustained by an arson

victim is not an element of the offense and may be considered as an enhancement factor. The victim lost not only a barn, but a place of residence which included all of his and his wife's personal belongings. It cannot be argued that the damages were not particularly great.

We further note that defendant was on probation when some of his prior misdemeanor offenses were committed. The trial court could have applied enhancement factor (8), defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. *See* Tenn. Code Ann. § 40-35-114(8). The fact that the defendant was on misdemeanor probation, as opposed to felony probation, does not bar the application of this enhancement factor.

The range of punishment for arson, a Class C felony, is three to six years as a standard offender. *See* Tenn. Code Ann. § 40-35-112(a)(3). The five-year sentence as determined by the trial court is certainly justified by the record.

## CONCLUSION

After conducting a review of the record, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE